936 So.2d 1183 (2006)
GUARDIAN AD LITEM PROGRAM, Petitioner,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Respondent.
No. 5D06-1764.
District Court of Appeal of Florida, Fifth District.
August 25, 2006.
Thomas Wade Young, Orlando, for Petitioner, Guardian Ad Litem Program.
Jerri A. Blair, Tavares, for Petitioners, M.U. and O.U.
Ralph J. McMurphy, Wildwood, for Respondent.
MONACO, J.
This is yet another difficult case growing out of the desire of foster parents to adopt a child formerly under their care in the face of a recommendation by the Department of Children and Families for a different placement.[1] The trial court agreed with DCF, and placed the child, M.Z., along with her two half-siblings with the paternal grandparent of the half-siblings.
We affirm for several reasons, perhaps most importantly because the trial judge under the circumstances of this case is in a better position than we are to evaluate how best to provide for the care of M.Z. See § 39.522, Fla. Stat. (2005). We affirm, as well, because the appellant *1184 attempts by this appeal to challenge the sufficiency of a motion presented by DCF to change the placement of the child. That motion led to the order that initially placed M.Z. with the paternal grandparent of the half-siblings. The order, however, was rendered seven months prior to the commencement of this appeal. Accordingly, we have no jurisdiction to review the order that gives rise to the primary complaints of the appellant. See Florida Rules of Appellate Procedure 9.130(b), requiring the notice of commencement to be filed within 30 days of the rendition of the order to be reviewed.
Thus, in this proceeding we are only able to review the denial by the trial court of the appellant's motion for postdisposition change of placement and motion for visitation. We review this determination of the trial court using an abuse of discretion standard. Cf., Dep't of Children & Families v. T.L., 854 So.2d 819 (Fla. 4th DCA 2003). We find no abuse of discretion in the trial court's denial of this order, particularly in view of section 39.001(1)(k), Florida Statutes (2005), instructing the courts to make "every possible effort" to place siblings in the same home.
AFFIRM.
PALMER and LAWSON, JJ., concur.
NOTES
[1] While this case reached us as a petition for writ of certiorari, we consider it an appeal from a non-final order entered after a final order, and review it pursuant to rule 9.130(a)(4), Florida Rules of Appellate Procedure. See Dep't of Children & Families v. T.L., 854 So.2d 819, 820 (Fla. 4th DCA 2003).